HONORABLE BENJAMIN H. SETTLE

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9

10

11

12

13

14

15

16

| | |
|---|---|
| KENNETH GORTON,<br><br>            Plaintiff,<br><br>    v.<br><br>GREAT LAKES EDUCATIONAL LOAN<br>SERVICES, INC., a foreign corporation doing<br>business in Washington,<br><br>            Defendant. | NO. 3:13-CV-05409 BHS<br><br>DEFENDANT GREAT LAKES<br>EDUCATIONAL LOAN SERVICES, INC.'S<br>PARTIAL MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR**:<br>**June 28, 2013** |

17

## I.    INTRODUCTION

18

19

20

21

22

23

Attorney Gorton's Complaint contains scant factual allegations and is filled with boilerplate legal conclusions.  After setting aside the legal conclusions, Attorney Gorton alleges that Great Lakes Educational Loan Services, Inc. ("Great Lakes") serviced one of Attorney Gorton's federal student loans.  Attorney Gorton claims that Great Lakes failed to update certain alleged inaccurate information with credit reporting agencies and otherwise failed to report this debt as disputed.

24

25

26

Attorney Gorton uses these basic factual allegations to bring a number of federal and state claims against Great Lakes.  Gorton brings federal claims under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA").  Gorton also brings state

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 1
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

1   claims under the Washington Collection Agencies Act and Washington Consumer Protection

2   Act, as well as supposed "common law claims" for (1) tortious damage to credit, (2) intentional

3   or negligent reporting of an account with inaccuracies, and (3) invasion of privacy.

4       Great Lakes moves to dismiss the FCRA claim because there is no private right of action.

5   Great Lakes moves to dismiss the state-law claims because they are preempted by the Higher

6   Education Act ("HEA") and the FCRA.  Great Lakes also moves to dismiss the common-law

7   claims because they are not alleged with sufficient particularity.  Finally, Great Lakes moves to

8   dismiss the claim for attorneys' fees because Gorton, a licensed Washington attorney, is not

9   entitled to collect attorneys' fees because he appears *pro se*.  The Court should dismiss each and

10  every one of these claims with prejudice.

## II.    ALLEGATIONS OF FACT[1]

### A.    Great Lakes Services Student Loans.

13      Great Lakes is engaged in the business of managing and collecting upon student loans for

14  third party lenders.  (Compl. ¶ 4.1.)  Great Lakes holds itself out as one of the nation's leading

15  "servicers" of student loans, which includes a collection division (advertised on its website)

16  dedicated to making "default prevention calls" and issuing "delinquency letters" against

17  borrowers when payments are not received on time.  (*Id.*)  Great Lakes' collection division

18  routinely holds itself out as a debt collector, and includes language on its letters to borrowers

19  stating the following:  "This letter is from a debt collector and any information we obtain will be

20  used for collection on your account."  (*Id.* ¶¶ 4.2 & 4.17.)  Great Lakes is not licensed as a

21  collection agency in the State of Washington.  (*Id.* ¶ 4.23.)

### B.    Great Lakes Serviced A Student Loan To Gorton.

23      Gorton is an attorney licensed to practice law in the State of Washington and brings this

24  lawsuit *pro se*.  (See Compl. at 9.)  Great Lakes was hired by a student loan company to manage

---

[1] Great Lakes disputes many of the factual allegations in the Complaint.  For purposes of this motion only, Great
Lakes understands that the Court will assume that the factual allegations contained in the Complaint are true.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 2
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700    fax 206 587 2308

{02287933.DOCX;1 }

1    and collect an alleged debt against Gorton.  (*Id.* ¶ 4.3.)   During the course and scope of

2    managing this debt, Great Lakes offered Gorton several deferments and/or forbearances as an

3    alternative to falling behind on payments or defaulting on the terms of the loan.  (*Id.*)   These

4    deferments and/or forbearances were readily available under the terms of the loan and were not

5    additional benefits provided by Great Lakes.  (*Id.*)

6    **C.    Great Lakes Failed To Update Gorton's Credit Report.**

7            Great Lakes' customer service representatives informed Gorton that he had several

8    deferments and/or forbearances remaining on his account that he could use, and that if used, the

9    account would be retroactively updated and each payment would be listed as current. (Compl. ¶

10   4.4.)   Great Lakes' customer service representative specifically promised Gorton that these

11   payments, once changed to current, would also be reflected on Gorton's credit report as current.

12   (*Id.* ¶ 4.5.)  Great Lakes updated its own system to show these delinquent payments as current.

13   (*Id.* ¶ 4.6.)  Great Lakes failed to update Gorton's credit report to show these payments as

14   current, thereby causing significant harm to Gorton's credit.  (*Id.*)

15          Gorton notified Great Lakes in writing and by phone that his debt was disputed.  (Compl.

16   ¶ 4.7.)  Great Lakes refused to modify or fix the information reported to the consumer reporting

17   agencies.  (*Id.*)  Great Lakes also failed to notify the consumer reporting agencies that Gorton

18   had disputed the debt and/or the information reported by Great Lakes.  (*Id.*)

19                              **III.    ISSUES PRESENTED**

20       1.    Should the Court dismiss Gorton's Fair Credit Reporting Act Claim because there
21             is no private right of action under § 1681s-2(a)?

22       2.    Should the Court dismiss Gorton's state-law claims because they are preempted
               by the Higher Education Act and the Fair Credit Reporting Act?
23

24       3.    Should the Court dismiss Gorton's common-law claims because Gorton failed to
               allege facts with sufficient particularity?

25       4.    Should the Court dismiss Gorton's request for attorneys' fees because he appears
26             *pro se*?

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 3
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

#### IV.     ARGUMENT AND AUTHORITY

**A.     The Motion to Dismiss Standard.**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678; *see Twombly*, 550 U.S. at 570.  A claim has facial plausibility when the party seeking relief pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id.* at 678.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.  In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 4
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

*See Moss v. U.S. Secret Service*, 572 F.3d 969, 970 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

**B.    The Court Should Dismiss Any Claim Under The FCRA Because There Is No Private Right Of Action Under § 1681s-2(a).**

Gorton alleges that Great Lakes violated § 1681s-2(a)(1)–(3) and (7) of the Fair Credit Reporting Act.  (Compl. ¶¶ 4.10-.15 & 5.1.)  On account of such alleged violations, Gorton claims that Great Lakes is liable under §§ 1681n and 1681o of the FCRA.  (*Id.* ¶ 4.16.)  The Court should dismiss any claim for an alleged violation of the FCRA because there is no private right of action for alleged violations of § 1681s-2(a).  A cursory read of § 1681s-2 alone makes this result obvious.[2]  Ninth Circuit case law also holds that there is no such private right of action.

In enacting § 1681s-2, Congress expressly excluded any private right of action under § 1681s-2(a): "[S]ections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder . . . ."  15 U.S.C. § 1681s-2(c)(1).  In interpreting this clear language, the Ninth Circuit reached the same result. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009) (holding that § 1681s-2(a) does not create a private right of action).  Gorton brings claims against Great Lakes under only § 1681s-2(a) of the FCRA.  As there is no private right of action for such alleged violations, the Court should dismiss Gorton's claims for violation of the FCRA with prejudice.

**C.    The Court Should Dismiss All State-Law Claims Because They Are Preempted By The Higher Education Act And The Fair Credit Reporting Act.**

Gorton attempts to bring three separate types of claims against Great Lakes that are based on Washington statutes and common-law.  Gorton claims that Great Lakes violated the

---

[2] Even though Gorton appears *pro se* in this lawsuit, "a *pro se* lawyer is entitled to no special consideration." *Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990); *see also Leeds v. Meltz*, 898 F. Supp. 146, 149 (E.D.N.Y. 1995) (holding that *pro se* attorney was not entitled to the liberality normally accorded *pro se* litigants), *aff'd*, 85 F.3d 51 (2d Cir. 1996).

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 5
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

Washington Collection Agencies Act and Washington Consumer Protection Act.  (Compl. ¶¶ 5.3 & 5.4.)  Gorton likewise attempts to bring "common law claims" because Great Lakes allegedly "tortiously damaged Plaintiff's credit, intentionally or negligently reported an account with inaccuracies against Plaintiff, and invaded the privacy of Plaintiff."  (*Id.* ¶ 5.5.)  Each of these claims  pertains to Great Lakes' reporting of or failing to report certain information about Gorton, which is the same conduct that gives rise to Gorton's claim under § 1681s-2(a) of the FCRA.  The Court should dismiss the state-law claims with prejudice because they are preempted by the HEA and FCRA.

       1.    <u>The HEA Preempts Gorton's State-Law Claims.</u>

In 1965, Congress passed the Higher Education Act (the "<u>HEA</u>") in order to "'keep the college door open to all students of ability, regardless of socioeconomic background.'"  *Chae v. SLM Corp.*, 593 F.3d 936, 938 (9th Cir. 2010) (quoting *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1030 (9th Cir. 2009)).  In 1986, the Secretary of Education promulgated a new regulation, 34 C.F.R. § 682.411, which requires certain collection efforts when a student borrower becomes delinquent.  *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1129 (S.D. Cal. 2005).  Thereafter, in 1990, the Secretary of Education issued notice of interpretation that analyzes the regulation "and its preemptive effects on inconsistent state laws."  *Id.* (citing 55 Fed. Reg. 40120).

The interpretation explains that the requirements created in 1986 were "designed to prevent defaults and the loss to the Federal Treasury, through claims under the Department's reinsurance commitments, caused by these defaults, and where these have already occurred, to recover from defaulting borrowers the amounts paid from the Treasury."  55 Fed. Reg. 40120, 40121 (Oct. 1, 1990).  The interpretation further explains that "the Secretary clearly intended [34 C.F.R. § 682.411] to establish a uniform national minimum level of collection activity, and therefore to preempt any State rule that would hinder or prohibit the collection actions required under the rules."  *Id.* at 40120.  The Secretary concludes that 34 C.F.R. § 682.411 preempts any

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 6
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

1   "State law that would prohibit, restrict, or impose burdens on the completion of that sequence of

2   contacts either on [federally insured student] loans in general, or on any category of [federally

3   insured student] loans." *Id.* at 40121.

4       The Ninth Circuit Court of Appeals has interpreted 55 Fed. Reg. 40120 as requiring

5   preemption in any circumstance where state law regulates pre-litigation collection activity.

6   *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir. 1996); *see Pirouzian*,

7   396 F. Supp. 2d at 1129. In *Brannan*, the majority explained that "'preemption includes any

8   State law that would hinder or prohibit any activity' taken by third-party debt collectors prior to

9   litigation." *Brannan*, 94 F.3d at 1266 (quoting 55 Fed. Reg. at 40121). "As noted by Circuit

10  Judge Fletcher, concurring in part and dissenting in part, the majority opinion appears to hold

11  that all state laws that prohibit debt collectors from doing anything related to pre-litigation

12  federal collection are preempted, regardless of whether the state laws burden compliance with

13  HEA due diligence requirements." *Pirouzian*, 396 F. Supp. 2d at 1130.

14      The *Pirouzian* court addressed facts similar to those in this case.  The plaintiff alleged

15  that a student-loan servicer agreed to forbear collecting a delinquent debt, and that if the account

16  was brought current, then the loan servicer would instruct the credit reporting agencies to remove

17  all negative credit information. *Pirouzian*, 396 F. Supp. 2d at 1126.  The plaintiff claimed she

18  brought her account current, but the loan servicer failed to correct the negative credit information

19  as promised. *Id.*  The plaintiff also alleged that the loan servicer failed (1) to inform the credit

20  reporting agencies that the previously reported debt was in dispute, and (2) to adequately

21  investigate Plaintiff's claims that the negative credit information was inaccurate and should be

22  corrected. *Id.*  The *Pirouzian* court ruled these claims were preempted by the HEA because they

23  all deal with allegedly improper pre-litigation collection actions by the loan servicer. *Id.* at 1130.

24  Gorton alleges facts that are similar to those in *Pirouzian*.  While Gorton attempts to bring

25  different state law claims, this Court should reach the same result and dismiss all state-law

26  claims because they are preempted by the HEA.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 7
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

1    The *Pirouzian* court also dismissed state-law claims that were based specifically on the

2    loan servicer's alleged reporting of negative information because it was further preempted by

3    20 U.S.C. § 1080a(a).  *Pirouzian*, 396 F. Supp. 2d at 1130.  Under §1080a(a), "each guaranty

4    agency, eligible lender, and subsequent holder [of federally insured student loans] shall enter into

5    an agreement with each consumer reporting agency to exchange information concerning student

6    borrowers . . . ."  20 U.S.C. § 1080a(a).  When a loan has not been repaid by the borrower, the

7    lender must report the amount loaned, the amount remaining to be paid, and the date of any

8    default of the loan.  20 U.S.C. § 1080a(a)(1)-(3). "State laws that impose duties with respect to

9    the furnishing of negative credit information to credit reporting agencies may deter lenders from

10   complying with section 1080a(a) and are therefore preempted." *Pirouzian*, 396 F. Supp. 2d at

11   1130.  Thus, Gorton's state-law claims that are based on Great Lakes' alleged improper reporting

12   of negative information also are preempted by the HEA.

13                      2.      The FCRA Preempts Gorton's State-Law Claims.

14    "The FCRA contains two separate preemption sections."  *Mortimer v. Bank of Am., N.A.*,

15   No. C-12-01959, 2013 U.S. Dist. LEXIS 2993, at *27 (N.D. Cal. Jan. 3, 2013).   Section

16   1681h(e) bars state claims for defamation, invasion of privacy, and negligence, absent malice or

17   willful intent to injure a consumer.  15 U.S.C. § 1681h(e).  In 1996, Congress added a second

18   preemption provision to the FCRA.  *Subhani v. JPMorgan Chase Bank*, No. C 12-01857, 2012

19   U.S. Dist. LEXIS 76447, at *7 (N.D. Cal. June 1, 2012).   This provision provides, in relevant

20   part, that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with

21   respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the

22   responsibilities of persons who furnish information to consumer reporting agencies . . . ."

23   15 U.S.C. § 1681t(b)(1)(F).

24        The Ninth Circuit has noted that "[a]ttempting to reconcile the two [preemption] sections

25   has left district courts in disarray."  *Gorman*, 584 F.3d at 1166.  While § 1681h(e) appears to

26   permit certain common law tort claims, § 1681t(b)(1)(F) appears to preempt altogether both

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 8
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700    fax 206 587 2308

statutory and common law claims.  "Although the Ninth Circuit recognized the disarray created by the two preemption provisions, it has not yet ruled on how the two should be reconciled." *Samuel v. Citimortgage, Inc.*, No. C 12-5871, 2013 U.S. Dist. LEXIS 51890, at *8 (N.D. Cal. Apr. 10, 2013).  Two other circuit courts have addressed the issue and adopted a total preemption approach, ruling that § 1681t(b)(1)(F) preempts both state statutory and common law causes of action in their entirety insofar as they are predicated on conduct that arises out of reports furnished to credit agencies. *See Purcell v. Bank of America*, 659 F.3d 622, 624-25 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011).  Both courts also found that the preemption provisions were compatible in that "the first-enacted statute preempts some state regulation of reports to credit agencies," and the second-enacted statute simply "preempts more."  *Purcell*, 659 F.3d at 625.  This Court should follow the guidance of these circuit courts, as well as the various other courts in this district and dismiss all of Gorton's state-law claims with prejudice because they are based on Great Lakes' alleged violation of the FCRA.  *See Samuel*, 2013 U.S. Dist. LEXIS 51890, at *9 (collecting cases).

Gorton's common-law claims are based on the exact factual allegations that formulate Gorton's claim under the FCRA.  At its core, Gorton alleges that Great Lakes is liable under the FCRA for willfully and/or negligently (1) reporting inaccurate information to consumer reporting agencies, and (2) failing to inform consumer reporting agencies that Gorton disputed a debt.  (*See* Compl. ¶ 4.16.)  Gorton's common-law claims are based solely upon alleged activity covered by § 1681s-2, that is, conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute.  "Thus, consistent with the guidance provided by the Ninth Circuit, as well as by the Seventh and Second Circuits, these claims must be deemed preempted."  *Samuel*, 2013 U.S. Dist. LEXIS 51890, *8-9 (granting motion to dismiss because common-law claims were preempted).  Because these claims are preempted, the Court should dismiss them with prejudice.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 9
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

Gorton's additional state-law claims, based on the Washington Collection Agencies Act and Washington Consumer Protection Act, also are preempted by the FCRA because they likewise are based on Great Lakes' alleged failure to comply with the FCRA.  (Compl. ¶¶ 4.28-.31.)  The FCRA preempts not only state laws that pertain specifically to credit reporting, but to all debt collection practices because "'statutes that do not overtly regulate credit reporting may still have the effect of regulating that area.'"  *See Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1234 (C.D. Cal. 2007) (quoting *Pirouzian*, 396 F. Supp. 2d at 1130).  Moreover, "'the plain language of section 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just ones that stem from statutes that relate specifically to credit reporting.'"  *Pirouzian*, 396 F. Supp. 2d at 1130 (quoting *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 362 (2001)).  "To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action."  *Id.* (quoting *Jaramillo*, 155 F. Supp. 2d at 362).  Gorton's remaining state law claims based on Washington statutes also are preempted by the FCRA because they pertain to Great Lakes' reporting of or failing to report certain information about Gorton.  They too should be dismissed with prejudice.

### D.    The Court Should Dismiss Any Common-Law Claims Because Gorton Failed To Allege Facts With Sufficient Particularity.

In a concluding sentence, Gorton attempts to allege three "common law claims":  (1) tortious damage to credit, (2) intentional or negligent reporting of an account with inaccuracies, and (3) invasion of privacy.  (Compl. ¶ 5.5.)  The Court should disregard these bare legal conclusions and review the remaining well-pleaded factual allegations.  *Iqbal*, 550 U.S. at 678-79.  The remaining factual allegations are insufficient to allege any viable common-law claims.  Accordingly, even if the HEA and FCRA do not preempt Gorton's common-law claims as a matter of law, the Court nonetheless should dismiss them because Gorton failed to plead non-conclusory facts that plausibly suggest that Gorton is entitled to relief

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 10
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

*First*, counsel for Great Lakes was unable to locate any common-law claim for tortious damage to credit.  As no such claim exists as a matter of law, the Court should dismiss this supposed common-law claim.

*Second*, Gorton's apparent claim for intentional or negligent reporting of an account with inaccuracies appears to be a claim for intentional or negligent misrepresentation.  These fraud claims must be alleged with particularity under Rule 9(b).  Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (internal quotations and citations omitted).  Accordingly, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Id.*

To assert a claim for intentional misrepresentation, Gorton must allege facts showing:  "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by plaintiffs; (6) plaintiffs' ignorance of its falsity; (7) reliance on the representation; (8) plaintiffs' right to rely upon it; and (9) actual harm."  *Wells v. Chase Home Fin., LLC*, No. C10-5001, 2010 U.S. Dist. LEXIS 127854, at *19 (W.D. Wash. Nov. 19, 2010).  To assert a claim for negligent misrepresentation, Gorton must allege facts showing:  "(1) the defendant supplied information for the guidance of others in their business transactions that was false; (2) the defendant knew or should have known that the information was supplied to guide the defendant in his business transactions; (3) the defendant was negligent in obtaining or communicated false information; (4) the plaintiff relied on the false information; (5) the plaintiff's reliance was reasonable; and (6) the false information proximately caused the plaintiff's damages."  *Tran v. Bank of Am., N.A.*, No. CV12-1281, 2013 U.S. Dist. LEXIS 1560, at *11-12 (W.D. Wash. Jan. 4, 2013).

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 11
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

Gorton purports to set forth a misrepresentation claim because Great Lakes "intentional or negligently reported an account with inaccuracies against Plaintiff."  (Compl. ¶ 5.5.)  This claim fails for a number of reasons.   First, Gorton failed to allege any facts with the requisite particularity under Rule 9(b).  Gorton failed to allege the time, place, and specific content of the false representation or even the identities of the parties to the misrepresentation.  Second, this claim is based on Great Lakes' conduct in reporting information to a credit reporting agency, which does not involve any reliance by Gorton.   Third, in making such a report, Gorton does not allege that Great Lakes supplied the information to guide Gorton in any business transaction. Simply put, Gorton has failed to allege facts with any specificity whatsoever to meet the elements of each claim for misrepresentation.  Thus, the Court should dismiss any purported misrepresentation claim.

*Third*, Gorton fails to identify exactly what type of claim for invasion of privacy he attempts to allege.  "The protectable interest in privacy is generally held to involve four distinct types of invasion: intrusion, disclosure, false light and appropriation."  *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012).  While not clear, it appears that Gorton attempts to bring a claim for false light.  "A false light claim arises when someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed."  *Id.* at 1139-40.

Aside from a single boilerplate sentence, Gorton alleges no facts that specifically relate to this claim.  Gorton alleges that Great Lakes failed to update information it previously provided to credit reporting agencies.  (Compl. ¶¶ 4.1–4.7.)  At the time of reporting, Gorton appears to concede that the information was in fact correct.  Thus, no false light claim exists as a matter of law because Great Lakes did not publish any false information.  Even if Great Lakes did, such information would not be highly offensive to a reasonable person.  The Court should dismiss Gorton's claim for invasion of privacy because Gorton failed to allege sufficient facts.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 12
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

At the end of Gorton's complaint, he simply tacks on various "common law claims" in a single sentence.  This is insufficient as a matter of law to assert any common-law claims against Great Lakes.  The Court should dismiss each and every supposed common-law claim.

**E.     The Court Should Dismiss Any Request For Attorneys' Fees Because Attorney Gorton Appears *Pro Se*.**

Attorney Gorton is an attorney licensed to practice law in the State of Washington and brings this lawsuit *pro se*.  (*See* Compl. at 9.)  Despite appearing *pro se*, Gorton requests his attorneys' fees.  (*See* Compl. ¶¶ 1.2, 4.32, 6.1-.3 & 6.8.)  Courts routinely dismiss requests for attorneys' fees at the pleading stage when an attorney appears *pro se*.  *See, e.g.*, *Baker v. Trans Union LLC*, No. CV-10-8038, 2010 U.S. Dist. LEXIS 51425, at *25-26 (D. Ariz. May 25, 2010) ("Though 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and 1692k allow a prevailing plaintiff to recover reasonable attorneys' fees for violations of the FCRA and the FDCPA, the provisions do not apply to *pro se* plaintiffs."); *Menton v. Experian Corp.*, No. 02 Civ. 4687, 2003 U.S. Dist. LEXIS 12457, at *9-10 (S.D.N.Y. July 17, 2003) ("[A] *pro se* litigant who is also an attorney cannot recovery attorney's fees, and, thus, that Mr. Menton would not be able to recover such fees even if he were to prevail on his NYFCRA and FCRA claims.").  Because Gorton is an attorney and appears *pro se*, he has no right as a matter of law to collect attorneys' fees.  The Court should dismiss Gorton's request for attorneys' fees with prejudice.

## V.     CONCLUSION

The Court should dismiss with prejudice Gorton's (1) FCRA claim because there is no private right of action, (2) state-law claims because they are preempted by the HEA and the FCRA, (3) common-law claims because they are not alleged with sufficient particularity, and (4) claim for attorneys' fees because Attorney Gorton is not entitled to collect attorneys' fees because he appears *pro se*.

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 13
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

1   DATED this 6th day of June, 2013.

2                                    CAIRNCROSS & HEMPELMANN, P.S.

3

4                                    /s/ Charles E. Newton
                                     Charles E. Newton WSBA No. 36635
5                                    524 Second Avenue, Suite 500
                                     Seattle, WA  98104-2323
6                                    Telephone: (206) 587-0700
                                     Facsimile: (206) 587-2308
7                                    E-mail: cnewton@cairncross.com
8                                    Attorneys for Defendant Great Lakes Educational
                                     Loan Services, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 14
(NO. 3:13-CV-05409 BHS)

{02287933.DOCX;1 }

1

**Certificate of Service**

2   I, Sue E. Den, certify under penalty of perjury of the laws of the State of Washington that

3   on June 6, 2013, I electronically filed this document entitled DEFENDANT GREAT LAKES

4   EDUCATIONAL LOAN SERVICES, INC.'S PARTIAL MOTION TO DISMISS using the

5   CM/ECF system which will send notification of such filing to the following persons:

6   Kenneth B Gorton, WSBA 37597
    Ron Meyers & Associates PLLC
7   8765 Tallon Lane NE, Ste A
    Lacey, WA  98516-6654
8   Telephone:     (360)  459-5600
    Fax:           (360)  459-5622
9   Email:         ken.g@rm-law.us
10

11  DATED this 6th day of June, 2013, at Seattle, Washington.

12

13                                     /s/ Sue E. Den
                                       _____
14                                     Sue E. Den, Legal Assistant
                                       CAIRNCROSS & HEMPELMANN, P.S.
15                                     524 Second Avenue, Suite 500
                                       Seattle, WA  98104-2323
16                                     Telephone: (206) 254-4404
                                       Facsimile: (206) 254-4504
17                                     E-mail: sden@cairncross.com

18

19

20

21

22

23

24

25

26

DEFENDANT GREAT LAKES EDUCATIONAL LOAN
SERVICES, INC.'S PARTIAL MOTION TO DISMISS - 15
(NO. 3:13-CV-05409 BHS)

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287933.DOCX;1 }

1   HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6

7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON AT TACOMA
8

9   KENNETH GORTON,

10                  Plaintiff,                NO. 3:13-CV-05409 BHS

11          v.                                [PROPOSED]

12   GREAT LAKES EDUCATIONAL LOAN            ORDER GRANTING DEFENDANT'S
     SERVICES, INC., a foreign corporation doing   PARTIAL MOTION TO DISMISS
13   business in Washington,

14

15                  Defendant.

16

17          Pending before the Court is Defendant Great Lakes Educational Loan Services, Inc.'s

18   Partial Motion to Dismiss.  Having fully considered the pleadings and other papers submitted

19   herein, IT IS HEREBY ORDERED that Defendant's motion is GRANTED as follows:

20          1.  Plaintiff's claim under the Fair Credit Reporting Act is dismissed with prejudice;

21          2.  Plaintiff's claim under the Washington Collection Agencies Act, Chapter 19.16

22              RCW,  is dismissed with prejudice;

23          3.  Plaintiff's claim under the Washington Consumer Protection Act, Chapter 19.86

24              RCW, is dismissed with prejudice;

25          4.  Plaintiff's common law claims, set out in Paragraph 5.5 of the Complaint are

26              dismissed with prejudice; and

[PROPOSED] ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 1

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287943.DOCX;1 }

1    5.   Plaintiff's claim for recovery of attorneys' fees is dismissed with prejudice.

2    IT IS SO ORDERED,

3

4                                                    _____
                                                     HONORABLE BENJAMIN H. SETTLE
5

6    Presented by the undersigned counsel on June 6, 2013:

7    CAIRNCROSS & HEMPELMANN, P.S.

8

9    /s/ Charles E. Newton_____
     Charles E. Newton WSBA No. 36635
10

11   524 Second Avenue, Suite 500
     Seattle, WA  98104-2323
12   Telephone: (206) 587-0700
     Facsimile: (206) 587-2308
13   E-mail: cnewton@cairncross.com
     Attorneys for Defendant Great Lakes
14   Educational Loan Services, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS - 2

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{02287943.DOCX;1 }